UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

                                                       Case No.  10-73819-ast

Polyner Mardy and Marie D. Joseph,               Chapter 7

                                     Debtors.
-------------------------------------------------------X

## MEMORANDUM OPINION ON DEBTORS' MOTION TO
## REOPEN CASE TO FILE A REAFFIRMATION AGREEMENT

Pending before the Court in the above referenced chapter 7 case is a motion ("Motion")

pursuant to Section 350(b) of the Bankruptcy Code,[1] filed by Debtors Polyner Mardy and Marie

D. Joseph ("Debtors"), requesting that this Court reopen this closed case to allow the Debtors an

extension of time to file a reaffirmation agreement ("Reaffirmation Agreement") pursuant to Rule

4008 of the Federal Rules of Bankruptcy Procedure. [dkt item 26]  No opposition or response to

the Motion has been filed.   However, given the Court's concerns and recent jurisprudence within

this District regarding such motions, the Court has determined, *sua sponte*,[2]  to address whether it

has authority, or should exercise authority, to grant these commonly filed motions.  The Court has

determined that it lacks authority to reopen a closed chapter 7 case in which a debtor has received

a discharge to allow the late filing of a reaffirmation agreement.  Therefore, for the reasons set

forth below, the Motion is denied.

---

[1] Throughout this Memorandum Opinion, all statutory references to the Bankruptcy Code are under Title 11 of the United States Code, §§ 101-1532, unless otherwise indicated.

[2] Bankruptcy Code Section 105(a) permits this Court to raise, *sua sponte*, the question of whether to "[take] any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules . . . ." 11 U.S.C. § 105(a).

**Jurisdiction**

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§1334(b)

and 157(b)(2)(A) and (O) and the Eastern District of New York standing order of reference dated

August 28, 1986.  This decision constitutes the Court's findings of facts and conclusions of law to

the extent Rule 7052 of the Federal Rules of Bankruptcy Procedure so requires. FED. R. BANKR.

P. 7052.

**Background**

On May 19, 2010, Debtors filed a joint petition for relief under Chapter 7 of the

Bankruptcy Code ("Petition"). [dkt item 1]  On their Schedule B, they list three automobiles,

including a  2007 Lincoln Town Car.  Schedule G states that Debtors have a contract for a 2007

Lincoln Town Car requiring a monthly payment of $737.40.  The other party to the contract is

listed as Ford Credit[3] ("Ford").  The Chapter 7 Individual Debtor's [sic] Statement of Intention

states that the contract with Ford will be assumed pursuant to 11 U.S.C. § 365(p)(2).[4]

On May 19, 2010, Neil H. Ackerman, Esq. was appointed and duly qualified to serve as

the Chapter 7 trustee ("Trustee") of Debtors' case.  A Chapter 7 Trustee's Report of No

Distribution was filed by the Trustee on July 1, 2010.  On August 30, 2010, an Order discharging

the Debtors and a Final Decree was entered. [dkt item 21]  On that same day this case was closed.

Approximately one month later, on September 28, 2010, Debtors filed a motion identical

to the Motion currently before the Court, for the same vehicle, seeking to reopen this case to

---

[3] In various pleadings Ford has been referred to as "Ford Credit" or "Ford Motor Credit."  The Court lacks any documentation from Debtors or Ford to clarify the proper name of this entity.  However, for purposes of this Memorandum Opinion, these entities are assumed to be one and the same and shall be referred to as "Ford."

[4] This Court notes that a reaffirmation agreement under § 524 is not a substitute for a lease assumption under § 365(p).

allow Debtors an extension of time to file a reaffirmation agreement with Ford (the "Prior

Motion"). [dkt item 23]  A hearing on the Prior Motion was held on November 2, 2010.  The

Prior Motion was denied without prejudice due to the failure of any party to appear at the hearing

in prosecution of the Prior Motion.  More than another month passed before the instant Motion

was filed on December 9, 2010.   A hearing was held on the Motion on January 13, 2011.

Debtors appeared at the hearing; however, counsel for the Debtors did not appear.[5]  Upon a

further review of the record and the relevant authority, this Court has determined that further

briefing is not required and the issues are ripe for determination.

       The Court first notes that the Motion is largely devoid of factual content and legal

authority.  Further, the proposed Reaffirmation Agreement has never been filed with the Court.

Thus, the Court has not been provided with even the basic terms of the proposed Reaffirmation

Agreement, or any evidence of when or if it was executed.  The Court cannot ascertain whether

the presumption of undue hardship has been triggered, necessitating a hearing on the merits of the

proposed Reaffirmation Agreement. *See* 11 U.S.C. § 524(k)(6),(k)(7), and (m)(1).  The only

relevant fact related to Debtors' failure to timely file the Reaffirmation Agreement is the

statement in the Affirmation in Support of the Motion, that "the signed Reaffirmation Agreement

was not timely filed before the Debtors['] bankruptcy case was closed."  The Motion does not

allege that the Reaffirmation Agreement was made prior to Debtors' receiving their discharge.

Further, the Court has no facts to determine what circumstances, or whose impetus, led to not one,

but two, motions to reopen this case being presented to have the Reaffirmation Agreement filed.

The only salient fact that can be determined from the Motion is that Mr. Mardy uses the vehicle

---

[5] The Court will address separately from this Memorandum Opinion the failure of counsel to attend the hearings on the Prior Motion and on this Motion.

Memorandum Opinion - p. 3

as a taxi/limousine for work, which is his main source of income.

## **Legal Analysis**

*Discharge and Reaffirmation Agreements*

A discharge in bankruptcy acts as an injunction against creditor efforts to collect the

discharged debt as a personal liability of the debtor, regardless of whether the discharge is

waived. *See* 11 U.S.C. § 524(a)(2). The Chapter 7 discharge is the cornerstone of the "fresh

start" for chapter 7 debtors. However, Congress created a mechanism for a debtor to agree to a

voluntary exception to his discharge–the reaffirmation of certain debts by agreement. Section

524(c)(1) of the Bankruptcy Code provides in relevant part:

> (c) An agreement between a holder of a claim and the debtor, the
> consideration for which, in whole or in part, is based on a debt that is
> dischargeable in a case under this title is enforceable only to any
> extent enforceable under applicable nonbankruptcy law, whether or
> not discharge of such debt is waived, only if-
>
> (1) such agreement was made before the granting of the discharge
> under section 727, 1141, 1228, or 1328 of this title[.]

11 U.S.C. § 524(c)(1). Because these reaffirmation agreements[6] are contrary to the stated goal of

a debtor receiving a fresh start, they are subject to intense judicial scrutiny and must comply with

all statutory requirements. Further, reaffirmation agreements are strictly construed by the courts.

---

[6] The term reaffirmation agreement is not defined in the Bankruptcy Code. However, the term is used in
Rule 4008 of the Federal Rules of Bankruptcy Procedure. *See* FED. R. BANKR. P. 4008. The Seventh Circuit explains
the effect of making such an agreement as follows:

> Section 524 of the bankruptcy code enables the debtor in a Chapter 7 proceeding
> to reaffirm a pre-petition debt that is otherwise dischargeable by agreeing to pay all
> or part of that debt. 11 U.S.C. § 524(c) . . . If the debt were discharged, the debtor
> would be relieved of all personal liability, but the creditor would be free to take any
> collateral securing the debt. Reaffirmation thus permits the debtor who cannot pay
> off the debt immediately to continue making periodic payments as before and to
> keep the property for which the debt was incurred (typically something like a car).

*Matter of Turner*, 156 F.3d 713, 714-15 (7th Cir. 1998)(internal citations omitted).

*See, e.g.*, *In re Engles*, 384 B.R. 593, 596 (Bankr. N.D. Okla. 2008); *In re Wilhelm*, 369 B.R. 882, 883 (Bankr. M.D.N.C. 2007); *In re Rigal*, 254 B.R. 145, 147 (Bankr. S.D.Tex. 2000).  If a debtor is not represented by counsel in connection with the reaffirmation agreement, or if the reaffirmation agreement will impose an undue hardship on the debtor, the court must review and approve the proposed agreement before it can take effect. 11 U.S.C. § 524(k)(6), k(7), & m(1).

*Reopening a Closed Chapter 7 Case*

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).  As noted by Judge Feller of this Court, "[t]he statute is phrased in the permissive and thereby commits the decision as to whether to reopen a bankruptcy case to the sound discretion of the bankruptcy judge." *In re Lowery*, 398 B.R. 512, 514 (Bankr. E.D.N.Y. 2008)(internal citations omitted); *see also In re Olejnik*, No. 09-76714, 2010 WL 4366183 (Bankr. E.D.N.Y. Oct. 28, 2010); *In re Meneses*, No. 05-86811, 2010 WL 813975 (Bankr. E.D.N.Y. Mar. 3, 2010).  However, this Court will only exercise its discretion to reopen a case in circumstances where relief may ultimately be afforded to a party. *See In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D.Va. 1995) (finding court should not reopen a bankruptcy case where it appears that to do so would be futile and a waste of judicial resources).

Here, the Motion fails to state which provision of  Section 350(b) may be applicable. However, two of the three statutory bases for reopening may arguably be applicable here–either to accord the debtor relief, or for "cause."  The Bankruptcy Code does not define what constitutes "cause" under Section 350(b). *See State Bank of India v. Chalsani (In re Chalsani)*, 92 F.3d 1300, 1307 (2d Cir. 1992).  With no demonstration of cause before it, this Court will consider whether this case should be reopened to provide relief to the Debtors.

*Timing of When the Reaffirmation Agreement Was Made Is Critical to the Court's Determination*

Bankruptcy Code Section 524(c)(1) provides that a reaffirmation agreement is enforceable only if it "was made" prior to the granting of the discharge. *See* 11 U.S.C. § 524(c)(1).  Section 524(m)(1) expressly provides that when a hearing to obtain court approval of a reaffirmation agreement is required, "such hearing shall be concluded before the entry of the debtor's discharge." 11 U.S.C. § 524(m)(1).  The timing of entering into the agreement and court approval thereof, therefore, are critical.  Further, any delay in seeking approval once discharge is granted is fatal, and prevents any enforcement of the agreement.  *See, e.g.*, *In re Clark*, No. 10-73746, 2010 WL 5348721 (Bankr. E.D.N.Y. Dec. 21, 2010); *In re Rafferty*, No. 08-30950(LMW), 2008 WL 5545266, at *1 (Bankr. D.Conn. Dec.23, 2008); *In re Suber*, No. 06-20369 NLW, 2007 WL 2325229, at *2 (Bankr. D.N.J. Aug.13, 2007); *In re Lee*, 356 B.R. 177, 183 (Bankr. N.D.W.Va. 2006); *In re Collins*, 243 B.R. 217, 219 (Bankr. D.Conn. 2000); *In re Graham,* 297 B.R. 695, 699 (Bankr. E.D.Tenn. 2003) .

The limited record provided by Debtors leads this Court to conclude that, if there is a signed Reaffirmation Agreement, it was made after the Discharge Order was entered.  Moreover, even if Debtors now attempted to supplement the record by filing the Reaffirmation Agreement, it would be untimely and therefore unenforceable.  Thus, there is no basis to reopen this case because there is no relief that can be afforded to the Debtors.

*Enlargement of Time to File a Reaffirmation Under Rule 4008 Is Not Applicable After Discharge*

Judge Grossman of this Court recently issued an opinion holding that a reaffirmation agreement is enforceable only if it was made prior to the granting of the discharge, and declining to reopen a closed case in which a debtor has received a discharge to allow a late reaffirmation agreement to be filed. *In re Clark*, No. 10-73746, 2010 WL 5348721 (Bankr. E.D.N.Y. Dec. 21,

2010).  In *Clark*, Judge Grossman discussed the relief available to a debtor contemplating or

intending to enter into a reaffirmation agreement to obtain additional time to bring the agreement

before the court:

> The [Bankruptcy] Code and the Federal Rules of Bankrptcy
> Procedure give debtors ample opportunity to delay the entry of the
> discharge in order to accomplish a reaffirmation. *See* 11 U.S.C. §
> 521(a)(2)(B) (allowing the court to grant additional time for the debtor
> to reaffirm); FED. R. BANKR. P. 4004(c)(1)(J) (court may not enter
> discharge if "a motion to enlarge time to file a reaffirmation agreement
> under Rule 4008(a) is pending"); FED. R. BANKR. P. 4004(c)(2) ("[O]n
> motion of the debtor, the court may defer the entry of an order
> granting a discharge for 30 days and, on motion within that [sic], the
> court may defer entry of the order to a date certain."); FED. R. BANKR.
> P. 4008(a) ("The court may, at any time and in its discretion, enlarge
> the time to file a reaffirmation agreement.").

*In re Clark*, No. 10-73746, 2010 WL 5348721 at *4.  However, none of the four bases for

extension of time cited by Judge Grossman was timely invoked by Debtors here.

The sole provision now relied upon by Debtors in this Motion is Rule 4008 of the Federal

Rules of Bankruptcy Procedure.  Rule 4008(a) provides:

> A reaffirmation agreement shall be filed no later than 60 days after the
> first date set for the meeting of creditors under § 341(a) of the Code.
> The reaffirmation agreement shall be accompanied by a cover sheet.
> prepared as prescribed by the appropriate Official Form. The court
> may, at any time and in its discretion, enlarge the time to file a
> reaffirmation agreement.

FED. R. BANKR. P. 4008(a).  Rule 4008 governs the timing for filing a reaffirmation agreement.  It

does not, however, allow for the abrogation of the requirements under either Bankruptcy Code

Section 524(c)(1) that a debtor make a reaffirmation agreement prior to the granting of his or her

discharge, or Section 524(m)(1) that, where court approval is required, the hearing must be

concluded before the debtor receives his discharge. *See In re Nichols*, No. 10-01323, 2010 WL

4922538 *2 (Bankr. N.D.Iowa 2010)(citing *In re Lee*, 356 B.R. 177, 184 (Bankr. N.D.W.Va.

2006).

       This Court has found no reported case that has allowed the enlargement of time under

Rule 4008 to file a reaffirmation agreement made after both the granting of a discharge and the

closing of the case. *But see In re Mausolf*, 403 B.R. 761 (Bankr. S.D. Fla. 2009)(extending time

under Rule 4008(a) for approval of a reaffirmation agreement that was made by the parties prior

to discharge, but not filed prior to the discharge being granted). Accordingly, given the limited

scope of Rule 4008(a), this Court lacks authority to and will not allow enlargement of time to file

a reaffirmation agreement after a debtor has been discharged and the case has been closed,

regardless of when the reaffirmation agreement was made, whether the debtor is pro se, and

whether the presumption of undue hardship is triggered.

*Revocation of Discharge*

       The Court is aware that debtors often take another approach when faced with the situation

presented in the Motion and ask the Court to vacate a discharge order either *in toto* or for the

limited purpose of allowing the filing of a reaffirmation agreement. Cases where debtors have

adopted this approach seek relief under Rule 9024, which incorporates Federal Rule of Civil

Procedure 60(b),[7] Bankruptcy Code Section 105(a), as a general equity power, or both. *See* 11

---

      [7] Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to this bankruptcy case by Rule 9024
of the Federal Rules of Bankruptcy Procedure, provides in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may
> relieve a party or its legal representative from a final judgment, order, or proceeding for the following
> reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; . . . or . . .
> (6) any other reason that justifies relief.

> FED. R. CIV. P. 60(b).

U.S.C. § 105(a); FED. R. CIV. P. 60(b); FED. R. BANKR. P. 9024.  Consistent with Judge

Grossman's decision in *Clark*, this Court rejects these approaches. *See Clark*, No. 10-73746, 2010

WL 5348721 *4.

        This Court agrees with the majority of other courts that has denied relief under Rule 9024

and not vacated a debtor's discharge *in toto* or in part.  Relief under Rule 9024 is inapplicable

here because the entry of the Discharge Order herein simply was not by mistake or as a result of

an error.  *See Clark*, No. 10-73746, 2010 WL 5348721 *4 (citing *In re Rigal* 254 B.R. at 147).

As previously discussed, the Bankruptcy Code and Rules have ample provisions to enlarge

various deadlines for seeking reaffirmation of a debt while a case is pending, which would

prevent the very situation faced here. In addressing a Rule 60(b) motion seeking to vacate a

discharge order to allow a reaffirmation agreement to be filed, the *Nichols* court stated:

> Given the availability of [Rule 4004(c)(2) deferral of discharge], it
> will be a rare instance where the debtor can show, after the discharge
> is granted, that it was entered as a result of mistake, inadvertence,
> surprise, or excusable neglect [under Rule 60(b) ].

*Nichols*, No. 10-01323, 2010 WL 4922538 *3 (quoting *In re Mosby*, 244 B.R. 79, 88-89

(Bankr. E.D.Va. 2000)).

        Courts allowing relief under Rule 60(b) cite Bankruptcy Code Section 105 as authority to

allow a discharge order to be vacated either *in toto* or for limited purposes to allow the filing of a

reaffirmation agreement.  Although these courts have crafted an exception based in equity or

upon a finding of extraordinary grounds,[8]  this Court respectfully disagrees.  "Section 105 does

---

[8] Several courts have allowed relief under either, or both, Rule 9024 and §105(a). *See, e.g.*, *In re Edwards*,
236 B.R. 124 (Bankr. D.N.H. 1999) (allowing a debtor to vacate a discharge order to enter into a reaffirmation
agreement for his mobile home); *In re Eccleston*, 70 B.R. 210, 211-12 (Bankr. N.D.N.Y. 1986) (considering vacatur
of the discharge order upon a showing of "extraordinary circumstances" which prevented relief from usual

not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy

Code . . . ." COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick & Henry J. Sommer eds., 16th

ed.).  Numerous courts are in accord.  For example, in *In re Engles*, in discussing relief under

Rule 9024 and Bankruptcy Code Section 105(a), the court held that the stated :

> The United States Supreme Court has let it be known that 'whatever
> equitable powers remain in the bankruptcy courts must and can only
> be exercised within the confines of the Bankruptcy Code.' [citations
> omitted] [A] bankruptcy court's  supplementary equitable powers
> under [section 105] may not be exercised in a manner that is
> inconsistent with the other, more specific provisions of the Code.
> Sections 727(d) and (e) preclude debtors from seeking revocation of
> their discharge. The Court is bound to enforce these provisions
> according to their terms. While the application of these provisions may
> produce harsh results for debtors, it is the prerogative of Congress to
> change the Bankruptcy Code, not the courts.

*In re Engles*, 384 B.R. 593, 598 (Bankr. N.D. Okla.2008) (internal citations omitted); *cf. In re

Aiello* 428 B.R. 296, 303 (Bankr. E.D.N.Y. 2010)(granting a creditor's request for dismissal of a

chapter 7 case based on bad faith findings outside the purview of § 707(a) because such dismissal

"should be limited to extreme misconduct falling outside the purview of more specific

Bankruptcy Code provisions").  This Court agrees with the reasoning of the *Engles* court, and will

not carve out an equitable exception here in the face of clear statutory and rule requirements.

## Conclusion

The Bankruptcy Code prohibits the making or approval of  a reaffirmation agreement after

a discharge has been granted.  This especially applies when a case has been closed.  Although

unintended consequences may result from this statutory and rule framework, Congress accepted

---

channels);  *In re Long*, 22 B.R. 152 (Bankr. D.Me. 1982) (granting relief under Rule 60 (b)); *In re Solomon*, 15 B.R. 105 (Bankr. E.D.Pa. 1981) (affording relief based upon equitable grounds).

such a result in the crafting of the Bankruptcy Code and Rules.  Therefore, based upon the

foregoing, the Motion is denied.  An order consistent herewith shall issue.

**Dated: March 15, 2011**
      **Central Islip, New York**

           **Alan S. Trust**
      **United States Bankruptcy Judge**