UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

Polyner Mardy and Marie D. Joseph,

                         Debtors.

------------------------------------------------------X

Case No. 10-73819-ast
Chapter 7

## ORDER

WHEREAS, on May 19, 2010, Debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code; and

WHEREAS, Harold Seligman, Esq. ("Counsel" or "Seligman") is the attorney of record for the Debtors; and

WHEREAS, on August 30, 2010, an Order discharging the Debtors and a Final Decree was entered. [dkt item 21] and on that same day this case was closed.; and

WHEREAS, on September 28, 2010, Debtors through Counsel filed a motion seeking to reopen this case to allow Debtors an extension of time to file a reaffirmation agreement with Ford (the "Prior Motion") [dkt item 23]; and

WHEREAS, a hearing on the Prior Motion was held on November 2, 2010 ("Prior Hearing"); and

WHEREAS, the Prior Motion was denied without prejudice due to the failure of the Debtors and their Counsel to appear at the hearing in prosecution of the Prior Motion; and

WHEREAS, on December 9, 2010, Debtors through Counsel filed the instant motion ("Motion") which is seeks identical relief as in the Prior Motion; and

WHEREAS, a hearing was held on the Motion on January 13, 2011 ("Hearing"). Debtors

appeared at the Hearing; however, Counsel did not appear; and

WHEREAS, at the conclusion of the Hearing the Court initially determined to enter a scheduling order to address the issues raised in the Motion and the failure of Counsel to appear at the Hearing and the Prior Hearing.  However, upon a further review of the record and the relevant authority, this Court determined that further briefing is not required and the issues are ripe for determination.  Subsequently on March 15, 2011, this Court entered a Memorandum Opinion on Debtors' Motion to Reopen Case to File a Reaffirmation Agreement ("Memorandum Opinion") which denied the Motion; and

WHEREAS, the Memorandum Opinion noted that the Court would address separately the failure of Counsel to attend the hearings on the Prior Motion and on this Motion.  Accordingly, the Court enters this Order to address those issues; and

WHEREAS, E.D.N.Y. LBR 2090-2(e) provides, *inter alia*, that an attorney of record who fails or refuses without reasonable excuse to represent the debtor in any aspect of the case  may be sanctioned pursuant to this rule and may be ordered to disgorge fees paid in connection with the case pursuant to Bankruptcy Rule 2017; and

WHEREAS, the failure of Counsel to attend the Prior Hearing and the Hearing without reasonable excuse is cause for sanctions under E.D.N.Y. LBR 2090-2(e).

Accordingly, it is therefore

**ORDERED**, that under 11 U.S.C. § 329, Counsel shall disgorge to Debtors any fees paid to Counsel by Debtors in connection with the Prior Motion and the Motion, such payment to be made within twenty (20) days of entry of this Order; and, further, Counsel shall file an affidavit or affirmation of compliance with this Order within twenty-five (25) days of entry of this Order; and

it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon Harold Seligman, Esq., the Debtors, the Chapter 7 Trustee, and the Office of the United States Trustee.



**Dated: March 15, 2011**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**